DIXON, Justice
(dissenting).
I respectfully dissent.
The majority opinion creates more problems than it solves. It makes the rank of competing mortgages depend on the mental state, of.the parties at the time the oldest mortgage is executed.
Hortman-Salmen Company, Inc. v. White, 168 La. 1057, 123 So. 711, the latest expression of this court on the point, seems to be squarely contrary to the conclusion 'reached by the majority, yet the majority cites the case with apparent approval.
Walmsley v. Resweber, 105 La. 522, 30 So. 5, supports the conclusion reached by the majority, was relied on by the Court of Appeal, and is contrary to Hortman-Salmen v. White. Our majority opinion refers to “dicta” in Walmsley v. Reswéber, but the syllabus by the court on rehearing states that “the right of the mortgage creditors second in rank is recognized as priming the mortgage first in rank to the extent that it was without consideration at the date that the mortgage creditors second in rank acquired their right.”
The problems involved in this case are discussed in 32 Louisiana Law Review, 233. One problem is the large number of presently outstanding loans in Louisiana “secured by mortgages given and recorded long before such loans were made, where the mortgage instruments say absolutely nothing about the mortgagor’s intent to secure future advances thereby.” 32 Louisiana Law Review, 233, 238. Our holding implies that these loans are unsecured in the absence of parol evidence to establish the intent of the parties at the time the mortgage was executed.
As Professor LeVan described the situation in 32 Louisiana Law Review, 233, affirming the Court of Appeal solves none of the problems that do exist in this field. In my view, we have unnecessarily created new problems.
In my opinion, Walmsley v. Resweber should be specifically overruled, Hortman-Salmen v. White should be affirmed, and the Court of Appeal in the instant case should be reversed.